**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-712C

(Filed: January 9, 2015)

**FILED**
JAN - 9 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| DAN BALBACH, | |
| Plaintiff, | Rule 83.1(a)(3); Corporation Must be Represented by Counsel; Contract Disputes Act; One Year Statute of Limitations. |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Dan Balbach*, Boise, Idaho, *pro se* Plaintiff.

*Joshua D. Schnell*, Trial Attorney, with whom were *Joyce R. Branda*, Acting Assistant Attorney General, *Robert E. Kirschman Jr.*, Director, *Donald E. Kinner*, Assistant Director, Commercial Litigation Branch, U.S. Department of Justice, Washington, D.C., *Heather R. Hinton-Taylor*, Attorney, Office of the General Counsel, U.S. Department of Agriculture, Of Counsel, for Defendant.

### OPINION AND ORDER

WHEELER, Judge.

On October 16, 2014, the Government filed a motion to dismiss Plaintiff Dan Balbach's complaint. Mr. Balbach had filed his complaint on August 6, 2014 on behalf of his company, Treasure Valley Forest Products LLC, challenging the termination of Treasure Valley's contract for cause on August 2, 2013 by the Department of Agriculture Forest Service. The Government asserted in its motion that Mr. Balbach's complaint should be dismissed because: (1) his *pro se* status precludes him from representing Treasure Valley in this Court; and (2) the Court lacks subject matter jurisdiction under Rule 12(b)(1) because his complaint is barred by the Contract Disputes Act's 12-month statute of limitations. 41 U.S.C. § 7104(b)(3). Mr. Balbach did not file a response to the Government's motion to dismiss despite being granted a time extension by the Court

until December 8, 2014. For the reasons stated below, the Court grants the Government's motion on both of the grounds asserted.

## Factual Background

On January 13, 2009, the United States Department of Agriculture Forest Service awarded Contract No. AG-0256-C-09-9001 to Treasure Valley Forest Products, LLC "for a Stewardship project in the Boise National Forest by the name of 'Mores South.'" Pl.'s Compl. ¶ 7. Mr. Balbach is the owner and operator of Treasure Valley. Id. ¶ 1.

Under the contract, Treasure Valley was to remove timber and perform forest management services, including "installation of culverts and decommissioning of roads; thin[ing] the forests and reduc[ing] hazardous fuels and uncharacteristic fire behavior by reducing conifer tree density and woody debris; improv[ing] desirable tree qualities, species mix, and characteristics of the leave stand; and reduc[ing] the understory conifer ladder fuels and remov[ing] the suppressed understory Douglas-fir and ponderosa pine." Id. ¶ 8. The contract also called for periodic inspections by the contracting officer and provided that Treasure Valley "was to maintain progress at a rate that [would] assure" completion of the work within three years, by January 13, 2012. Id. ¶¶ 13-14; Ex. A at 4.

Based upon documents accompanying Plaintiff's memorandum filed on August 12, 2014 shortly after the complaint, the Forest Service amended the contract seven times, and in Amendment 6, it extended the completion date to October 31, 2013. Id. ¶¶ 22-23; Ex. A at 4. The contracting officer, Brian Wharton, also requested Mr. Balbach to submit a schedule in the "form of a progress chart" that would "indicate[] appropriately the percentage of work scheduled for completion by any given date during the period." Id. ¶ 23. On October 2, 2012, the contracting officer sent Mr. Balbach a Cure Notice indicating that Treasure Valley would be terminated for default if it failed to complete the contract by the October 31, 2013 date. Id. ¶ 24; Ex. B.

On August 2, 2013, the Forest Service terminated Treasure Valley's Mores South contract for cause, claiming that Treasure Valley had failed to make adequate progress on the work required by the contract. Id. ¶ 31; Ex. C (Mr. Wharton alleged "Mr. Balbach's performance was untimely because progress did not comply with the Revised Schedule" which listed "August 2, 2013 as the date of completion for Unit 27"). According to Plaintiff, Mr. Wharton also claimed that Treasure Valley's performance was deficient for the following reasons: (1) Treasure Valley failed to cut and haul three loads per day; (2) it was not in strict compliance with the number of required employees on site; (3) it did not have specific equipment onsite in working order; (4) the company did not have a contract to sell un-merchantable lumber; and (5) it failed to meet the original completion date. Id. ¶ 33. Treasure Valley appealed to the United States Civilian Board of Contract Appeals

("CBCA") on November 4, 2013, but the appeal was dismissed as untimely because it was filed more than 90 days after the termination notice was given. Id. ¶ 6; Def.'s Mot. at 3. The CBCA determined that Mr. Balbach had received the termination notice on August 2, 2013 by email, hand delivery, and certified mail. Treasure Valley Forest Prods. v. Dep't of Agric., CBCA 3604, 14-1 BCA ¶ 35,549, at 2.

Discussion

I.   Rule 83.1(a)(3)

Under Rule 83.1(a)(3), "[a] corporation appearing before the United States Court of Federal Claims . . . must be represented by an attorney." Affourtit v. United States, 79 Fed. Cl. 776, 779-80 (2008) (noting the Federal Circuit held that "policy determinations could not overcome the long-standing rule . . . that a corporation may appear in federal court only [through] licensed counsel"); see also Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001).[1] Thus, a *pro se* plaintiff cannot represent a corporation. See Rule 83.1(a)(3) ("An individual who is not an attorney . . . may not represent a corporation, an entity, or any other person in any proceeding before this court. The terms counsel, attorney, and attorney of record include such individuals appearing *pro se*."). The Court cannot waive this rule, even for cases of severe financial hardship. Affourtit, 79 Fed. Cl. at 780. If a corporation does not obtain counsel, "the ordinary remedy is to dismiss [the] complaint for lack of prosecution." Alli v. United States, 93 Fed. Cl. 172, 177 (2010).

Here, the Forest Service entered into the Mores South contract with Treasure Valley, a corporation. See Pl.'s Ex. A, Dkt. No. 3 (listing Treasure Valley Forest Products, LLC as the contractor on the project); Def.'s Mot. at 2. The Forest Service did not enter into the contract with Mr. Balbach in his individual capacity. Mr. Balbach is not a lawyer, and thus, he cannot represent Treasure Valley in this Court on a *pro se* basis. Treasure Valley is not represented by an attorney as required by Rule 83.1(a)(3). Accordingly, Mr. Balbach's complaint must be dismissed for lack of prosecution.

II.  Standard of Review for a Motion to Dismiss

A litigant can challenge the Court's power to "adjudicate in specific areas of substantive law" by bringing a Rule 12(b)(1) motion to dismiss. Affourtit, 79 Fed. Cl. at

---

[1] Affourtit v. United States, 79 Fed. Cl. 776, 779 (2008) and Talasila, Inc. v. United States, 240 F.3d 1064, 1066 (Fed. Cir. 2001), cite to Rule 81(d)(8) and Rule 83.1(c)(8), respectively. The Rules of the Court of Federal Claims were amended in 2010, leading to the current renumbering of the rule as Rule 83.1(a)(3).

3

778. When deciding whether to grant a motion to dismiss, the Court must "assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." Anaheim Gardens v. United States, 444 F.3d 1309, 1314-15 (Fed. Cir. 2006). Although "the pleadings of a *pro se* [p]laintiff are held to a less stringent standard than those of litigants represented by counsel," Lewis v. United States, 99 Fed. Cl. 772, 777 (2011), "they must nonetheless 'affirmatively and distinctly' plead that the court has subject matter jurisdiction," Del Rio v. United States, 87 Fed. Cl. 536, 538 (2009). "The plaintiff bears the burden of establishing a court's subject matter jurisdiction." Record Steel & Constr., Inc. v. United States, 62 Fed. Cl. 508, 513 (2004).

### A. Subject Matter Jurisdiction

The Tucker Act gives the Court jurisdiction over "any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act [("CDA")]." Id. at 518; see also 41 U.S.C. § 7104(b)(1) ("a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary"). A claim under the CDA is "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract." Record Steel, 62 Fed. Cl. at 518 (stating the word "claim" though not defined in the CDA, is defined in FAR Part 52); see also Alliant Techsystems v. United States, 178 F.3d 1260, 1265 (Fed. Cir. 1999) ("the claim must be a demand for something due or believed to be due").

Here, the Mores South contract incorporated the CDA, which Mr. Balbach cites as giving the Court jurisdiction over his claims. See Pl.'s Compl. ¶ 5 ("[t]he Contract and the [contracting officer's] final decision incorporates the Contract[] Dispute[s] Act of 1978 . . . providing this Court with jurisdiction over the matter"); Def.'s Mot at 5. Through his complaint, Mr. Balbach makes a written demand for relief, claiming that he is owed $60,000 for an improper termination for cause of his company's Mores South contract. Pl.'s Compl. at 9.

### B. Statute of Limitations

Although ordinarily the CDA would provide the Court with jurisdiction over Mr. Balbach's complaint, a claim must be brought within the CDA's one year statute of limitations. 41 U.S.C. § 7104(b)(3); Uniglobe Gen. Trading & Contracting Co. v. United States, 115 Fed. Cl. 494, 505 (2014) ("[t]he one-year statute of limitations . . . does not begin to run . . . until the contractor has received from the contracting officer a final

4

decision on its claim"). Treasure Valley received the final decision from the contracting officer on August 2, 2013, when the termination notice was emailed and hand-delivered to Mr. Balbach. See Pl.'s Compl. ¶¶ 5, 31, 35; Def.'s Mot. at 5 ("there is no dispute that Treasure Valley received the contracting officer's final decision on August 2, 2013"). Accordingly, Mr. Balbach had until August 4, 2014 to bring his complaint. See Wood-Ivey Sys. Corp. v. United States, 4 F.3d 961, 964 (Fed. Cir. 1993) (holding that Rule 6 "applies to the computation of time for filing an action when the statutory filing period ends on Saturday, Sunday, or a holiday"); see also Def.'s Mot. at 5 (August 2 and 3, 2014 were weekend days). Mr. Balbach, however, waited until August 6, 2014 to file a complaint in the Court, two days after the statute of limitations had run. See Pl.'s Compl at 1. Accordingly, his claim was untimely and his case must be dismissed for lack of subject matter jurisdiction.

## Conclusion

For the foregoing reasons, the Government's motion to dismiss is GRANTED.

IT IS SO ORDERED.

*[signature]*

THOMAS C. WHEELER
Judge